The proceedings for the extension of Berme street in the village of Port Jervis, sought to be reviewed and set aside in this proceeding, contemplated the extension of Berme street through the lands of the relator, in a north-easterly direction from its present terminus, to the corporation line, a distance of about ninety-eight feet, to meet a highway to be laid out by the town of Deerpark. The application for the extension was signed by a majority of the owners of lots fronting on Berme street, but was not signed by the relator, whose lands were to be taken for the extension. The trustees of the village made an order extending the street pursuant to the application, and the relator, in his petition for the certiorari, alleges that the order is invalid and void for the reason that the municipal authorities have no jurisdiction to extend a street, except upon the application of a majority of the persons owning more than one-half of the land to be taken for the extension. This is the only question presented on this appeal, and its solution depends upon the construction of section 61 of the village charter. (Laws of 1873, chap. 370.)
That section provides that "the trustees upon application of a majority of the persons who own lots fronting on a proposed street, such applicants being also the owners of more than one-half of the land to be taken for such proposed street, may lay out and establish any new street within the village; or upon application of such majority of the owners of lots fronting on any street, may discontinue or extend the same, or if it be less than three rods wide, may increase its width to a width not exceeding sixty-six feet."
The section is divided into two clauses. By the first authority is given to lay ont new streets. But the authority is conditional and not absolute, the condition being two-fold: an application by a majority of the land-owners, who shall also be the owners of more than one-half of the land to be taken. By the second clause authority is given to extend or discontinue *Page 286 
streets upon the application of a majority of the owners of lots fronting on the street to be extended or discontinued. It does not in terms require that a majority of the owners of lands to be taken should unite in the petition for an extension of an existing street. The condition in the first clause is not incorporated into the last clause by the word such in the second clause. If the legislature had intended to make the qualifications of petitioners the same in both cases the object would have been readily accomplished by including in the first clause the power to extend existing streets, and the same condition would then have been applicable as in the case of the laying out of a new street. If the condition in the first clause should be held to be incorporated into the second, then to give jurisdiction to the trustees to extend a street, not only must a majority in number and amount of the owners of land to be taken petition for the extension, but in addition a majority of the lot-owners on the street proposed to be extended. The first clause requires that a majority of persons of the class designated shall be authorized to lay out a new street, and the words "such majority" in the second clause, followed by a description of qualified petitioners in the case of the extension of an existing street, simply adopt the principle that the petitioners under the second clause shall, as under the first clause, embrace a majority of the class specified, before the authority conferred by the second clause shall be exercised. The language being plain, it is not important to find a reason for the discrimination made in respect to the two proceedings. It may have been considered that before a new street was laid out, a majority of the land-owners whose lands were to be taken, should consent, but that in the extension of an existing street the general interests only should be regarded; and that the necessity of the latter improvement would be sufficiently indicated when a majority of the owners of lots on the street proposed to be extended petitioned for the improvement; and that the opposition of the owners of the land to be taken for the extension should not bar the improvement. But however this may be, we think the meaning of the act is reasonably clear, and that the trustees had *Page 287 
jurisdiction to extend the street in question, the application therefor having been made by a majority of the lot-owners owning lots on the original street.
The judgment should be affirmed.
All concur.
Judgment affirmed.